## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Douglas Smith, a Special Agent (SA) with the Federal Bureau of Investigation (FBI), United States Department of Justice (DOJ), hereinafter referred to as Affiant, being duly sworn under oath, hereby depose and state as follows:

## INTRODUCTION

1. Your Affiant is an investigative or law enforcement officer of the United States within the meaning of Section 2510 (7), of Title 18, United States Code, as a Special Agent of the FBI. As such, your Affiant is empowered to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516.

2. Your Affiant has been employed by the Federal Bureau of Investigation Since January 2020 and has been assigned to the Cleveland Division of the FBI since September of 2020. During that time, your Affiant has been assigned to investigate activities of drug trafficking organizations, drug-related gang and violent crime activities, other criminal offenses and national security matters. As a Special Agent, your Affiant has participated in street level narcotics enforcement, and the dismantlement of low to mid-level drug trafficking organizations. Your Affiant is currently assigned to the FBI Safe Streets Gang Task Force a Cleveland based, multi-agency, federal, state, and local law enforcement drug task force. Your Affiant has participated in investigations targeting organizations involved in drug trafficking offenses in the Northern District of Ohio. These investigative operations have included undercover operations and being the Affiant on Title-III investigations.

3. This affidavit is being submitted for the limited purpose of establishing probable cause that Raven Mullins, age 34, of Cleveland, OH, Henry Burchett, age 28, of Cleveland, OH, and Cortez Tyree, 33, of Cleveland, OH, have violated Title 21 USC Sections 846 and 841(a)(1)

[possession with intent to distribute controlled substances and distribution of controlled substances and conspiracy], and Title 18 USC Section 922(g) [possession of a firearm by a prohibited person].  The statements contained in this affidavit are derived from my participation in a lengthy investigation, along with information provided to me by other federal agents and members of the Cleveland Police Department (CPD) as well as my own investigation of this matter.  This affidavit does not include every fact known to me regarding this investigation but will seek to summarize relevant information.

## TRAINING AND EXPERIENCE

4. Your Affiant is aware that it is common for drug traffickers to store contraband, proceeds of drug sales, and records of drug transactions in secure locations within their residences and vehicles, the residences and vehicles of their associates, and of family members for ready access and to conceal them from law enforcement authorities.

5. Your Affiant is aware that persons engaged in drug trafficking often conceal in their residences and vehicles, large amounts of currency, financial instruments, precious metals and gems, jewelry, and other items of value and/or proceeds of drug transactions.

6. Your Affiant is aware that persons engaged in drug trafficking often conceal in their residences and vehicles, drugs, scales, blenders, baggies, cutting agents, large amounts of cash, money counters, and other items used in preparing, packaging, selling, and transporting narcotics.

7. Your Affiant is aware that individuals involved in drug trafficking often maintain records linking them to their illegal activities and that these records may include records of narcotics sales, debts, shipments, telephone books which identify customers and/or co-conspirators, ledgers, account books, record books, logs, balance sheets and photographs of

coconspirators. That even if off-site locations are used to store above records, some evidence such as safety deposit keys, records, and receipts and/or documents regarding multi-warehouses, mail and answering services will be present in the trafficker's main residence and vehicles. Your Affiant is aware that the courts have recognized that unexplained wealth is probative evidence of crimes motivated by greed, in particular, trafficking in controlled substances.

8. As a result of your Affiant's personal participation in this investigation and reports made to your Affiant by other state and local law enforcement officers, witnesses and reliable confidential sources, your Affiant is familiar with the circumstances and offenses described in this Affidavit.

## **PROBABLE CAUSE**

9. In December of 2022, the FBI opened a full investigation of a violent street gang known as the Fully Blooded Felons, a subset of the Heartless Felons, led by Raven Mullins. Through the course of the investigation, agents have determined that Raven Mullins and his subordinates, including Henry Burchett, operate an organized gang structure/hierarchy that commits violent acts, possesses firearms, and distributes controlled substances. This investigation included the use of telephone toll analysis, telephone location information, and Title III interceptions of Mullins' cell phone, along with interception of Burchett's Instagram account and cell phone. Interceptions and surveillance revealed that Mullins, Burchett, and others used two apartments (described more fully below) within the Cedar Estates Apartment complex, located at 2802 Cedar Avenue, Cleveland Ohio to stash and distribute controlled substances, and to store firearms. During the interceptions, Mullins, Burchett, and others regularly communicated with drug customers and directed them to come to one or both apartments to conduct drug transactions. Likewise, during the course of interceptions, Mullins, Burchett, and others in their organization discussed their possession and use of firearms, and law

enforcement interdicted firearms from members of this organization directly related to those intercepted communications.

10. On December 5, 2023, Magistrate Judge James E. Grimes, Jr. of the United States District Court in the Northern District of Ohio authorized search warrants for two apartments located within the Cedar Estates Apartments at 2802 Cedar Avenue, Cleveland Ohio. 2802 Cedar Avenue is an apartment building in the Cedar Estates, a property managed by the Cuyahoga Municipal Housing Authority. The two specific apartments are identified as follows:

   a. 2802 Cedar Ave., Apartment #91, Cleveland, Ohio; (hereinafter referred to as TARGET LOCATION 1) – 1:23MJ2259
      i. This apartment is located on the second floor of 2802 Cedar Ave.

   b. 2802 Cedar Ave., Apartment #96, Cleveland, Ohio (hereinafter referred to as TARGET LOCATION 2) – 1:23MJ2260
      i. This apartment is located on the third floor of 2802 Cedar Ave.

11. On December 6, 2023, at approximately 6:00 a.m., the FBI, including the FBI Cleveland SWAT Team executed the search warrants. SWAT first knocked and announced at TARGET LOCATION 1. Within a short period of time, FBI SWAT made entry into TARGET LOCATION 1. FBI SWAT located Raven Mullins, Cortez Tyree, and K.H.[1] inside of TARGET LOCATION 1. In plain view, a Taurus Handgun was located on a table in a common space with controlled substances including what field tested as cocaine base.

12. At approximately 06:15, SWAT moved to TARGET LOCATION 2. SWAT knocked and announced. FBI Crisis negotiators also attempted to call into the telephone of Henry Burchett as it was believed he was inside. After a period of approximately 20 minutes,

---

[1] K.H.'s identity is known to your affiant, but not included herein, because K.H. is not a subject of this criminal complaint.

Burchett and Jeffery Lee exited the door and SWAT made entry. During this time, an AR style rifle was found in a closet during a secondary sweep for individuals.

13. After both locations were secured, investigators began a comprehensive search of both locations.

14. Inside TARGET LOCATION 1, investigators located and seized:

   a. Various controlled substances to include several grams$^2$ Cocaine Base, which field tested positive. Other unknown powdered substances were believed to be mixed with cutting agents and did not yield conclusive test results.

   b. On a table in a common space was a Taurus handgun that was loaded with a round in the chamber and a full 17 round magazine, and extended magazine, and drum style magazine. Also on this table was suspected marijuana and a hard white substance in a clear plastic bag weighing approximately 3 grams substance that field tested for cocaine base, and powdery residue.



---

$^2$ Specific weight unknown at the time of this writing.



c. In the bathroom there were multiple bags of unknown powdery substances that did not have a conclusive field test. A bag in the sink of the bathroom with a gray powdery substance and a plastic bag with unknown pills inside.

d. In the kitchen area was what in Affiant's training and experience was a "cutting station" where items such as cocaine or heroin are mixed with cutting agent. Here was located approximately an ounce of suspected heroin. Field testing was inconclusive. Also in this station were blenders with residue and mixing bowls with residue.

15. Inside TARGET LOCATION 2, investigators located and seized:

a. In a common space of TARGET LOCATION 2 a Stag Arms AR style pistol with an empty extended magazine and a AK style pistol, commonly referred to as a "draco", with two 30-round magazines were found inside of an ottoman. Also in this common space was a jar of suspected marijuana.



b. In the bathroom of TARGET LOCATION 2 were found two Glock pistols in the tank of the toilet.

c. In a bedroom of TARGET LOCATION 2 was an Omni brand AR style pistol in a closet.

d. Also in the closet of the bedroom, investigators located a cardboard box which contain a revolver style handgun. Next to the revolver were two bags with what Affiant estimates to be ounces of blue pills stamped M/30, which are commonly seen as counterfeit Percocet. Field testing showed these to be Acetaminophen but could not rule out the presence of narcotics.



e. Also in the cardboard box was a small black safe that contained several different clear plastic bags containing various colored powder and hard substances. One bag weighing approximately 2 grams tested positive for cocaine.



16. The evidence was then transported to the FBI office where it was processed. Field tests were conducted and revealed the following results:

      a. A white hard substance at TARGET LOCATION 1 tested positive for Cocaine Base.

      b. A white powdery substance at TARGET LOCATION 2 field tested for Cocaine.

17. Affiant consulted with Ohio State Highway Patrol wo conducted the field tests. Trooper Boyer said that with the device he used, if there is a high amount of cutting agent mixed with substances like Fentanyl or Heroin, the device will produce inconclusive field results.

18. Affiant estimates the total amount of suspected narcotics seized by be 3-4 ounces in TARGET LOCATION 1 and 4-5 Ounces at TARGET LOCATION 2.

19. Your affiant is familiar with the criminal histories of Mullins, Burchett, and Tyree.

20. Mullins has been convicted of crimes punishable by a term of imprisonment in excess of one year. Specifically, in case number CR-09-528770-A, on or about February 23, 2010, Mullins was sentenced after pleading guilty to Attempted Felonious Assault, a felony of the third degree; in case number CR-11-549107-A, on or about August 8, 2011, Mullins was sentenced after pleading guilty to Robbery, a felony of the third degree; in case number CR-11-549708-I, on or about August 8, 2011, Mullins was sentenced after pleading guilty to Burglary, a felony of the fourth degree; in case number CR-11-554568-A, on or about December 20, 2011, Mullins was sentenced after pleading guilty to Robbery with a firearm specification, a felony of the second degree, all in the Cuyahoga County Court of Common Pleas. As a result of these convictions, Mullins is legally prohibited from possessing a firearm or ammunition.

21. Henry Burchett has a criminal history that includes felony convictions of Aggravated Robbery in 2012 with confinement of 1 year, Attempted Burglary in 2013 with

confinement for 180 Days, and Aggravated Burglary in 2017 with confinement of 3 years. As a result of these convictions, Burchett is legally prohibited from possessing a firearm or ammunition.

22. Cortez Tyree has a criminal history that includes convictions of Aggravated Robbery in 2013 wit a confinement of 4 years, Felony Possession of Controlled Substances and Weapons Under Disability in 2017, Escape in 2018, Domestic Violence and Intimidation of a Victim/Witness in 2019. As a result of these convictions, Tyree is legally prohibited from possessing a firearm or ammunition.

23. In Affiant's training and experience, Affiant knows that in the State of Ohio, the only manufacturer of firearms within the state is Hi-Point. None of the firearms recovered were Hi-point brand. Through Affiants training and experience in the prosecution of Felon in Possession of Firearms cases at the federal level, Glock pistols are generally produced in the State of Georgia. After an open-source internet search, Omni firearms are produced in Albuquerque, New Mexico. After an open-source internet source, Taurus brand firearms are manufactured in the State of Georgia. After an open-source internet search, Stag Arms are produced in the State off Wyoming. Therefore, Affiant believes that all of the seized firearms did travel in interstate commerce in order to be recovered in Cleveland, OH.

24. Based on my training and experience, coupled with my knowledge of this investigation, which includes intercepted communications where Mullins, Burchett, and Tyree engaged in narcotics transactions, I believe that the named subjects conspired to possess with the intent to distribute the suspected controlled substances seized from TARGET LOCATION 1 and TARGET LOCATION 2.

## CONCLUSION

25. Based upon the listed facts and circumstances, your Affiant believes and asserts that there is probable cause that on December 6, 2023, Raven Mullins, age 34, of Cleveland, OH, Henry Burchett, age 28, of Cleveland, OH, and Cortez Tyree, 33, of Cleveland, OH, have violated Title 21 USC Sections 846 and 841(a)(1) [possession with intent to distribute controlled substances and distribution of controlled substances and conspiracy], possession with intent to distribute controlled substances in violation title 21 U.S.C. § 841 (a)(1) and (b)(1)(A), and Title 18 USC Section 922(g) [possession of a firearm by a prohibited person].

_____
Special Agent Douglas Smith
Federal Bureau of Investigation

This affidavit was sworn to by the affiant by telephone after a PDF was transmitted via reliable electronic means, per Fed. R. Crim. P. 4.1, 41(d)(3), this 6th day of December, 2023.



James E. Grimes Jr., United States Magistrate Judge